THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO. 1:12 CR 00154 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| WILLIAM M. WILSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the Court upon Defendant's Brief in Opposition to the Government's Proposed Restitution Order (herein "Order"). Defendant challenges the Order by claiming it is "untimely" and that because Defendant is indigent, "any further economic sanction would be tantamount to cruel and unusual punishment." (ECF # 41). However, Defendant's objections are foreclosed by the timeliness of the Order and the governing restitution statute, which mandates that this Court "may not decline to issue an order under this Section because of the economic circumstances of the defendant." 18 U.S.C. § 2259(b)(4)(B)(i). Therefore, the Proposed Restitution Order will be ENTERED.

First, the Defendant's Brief in Opposition challenges the Order as untimely on the bases that the "first discussion of the matter was on the morning of defendant's final sentencing" and

that "the matter had been continued several times due to defendant's health issues." (ECF # 41). As a preliminary matter, the Court reminds Defendant that the "issuance of a restitution order under this section is mandatory," and should not be confused with a discretionary "request." 18 U.S.C. § 2259(b)(4)(A); (ECF # 41). Indeed, as the Defendant's victim, "Cindy," is a victim as defined in the Mandatory Restitution for Sex Crimes section of the Violence Against Women Act of 1994, the Defendant is *required* to pay "Cindy" a portion of her losses as a result of the harm she suffered from Defendant's crimes. In this case, the Government's Proposed Restitution Order is not untimely because restitution was clearly contemplated at Defendant's sentencing, as evidenced in the Minutes: "The government shall submit a proposed restitution order." (ECF # 36). Lastly, the Court did not order restitution at sentencing so as to allow the parties the opportunity to brief the issue for the Court's consideration. Here, the Government submitted the Proposed Restitution Order, the Defendant responded, and Court concludes that the Order shall be entered in full.

Second, the Defendant asks the Court to deny the Order because the Defendant is "indigent" and that "any further economic sanction would tantamount to cruel and unusual punishment." (ECF # 41). However, the mandatory restitution statute applicable to the sexual exploitation of children directly forecloses the Defendant's assertion. Pursuant to 18 U.S.C. § 2259(b)(4)(B)(i), this Court "may not decline to issue an order under this Section because of the economic circumstances of the defendant." Further, we remind the Defendant that the purpose of mandatory restitution is to serve as a means of punishment and rehabilitation in an attempt to provide those who suffer the consequences of the Defendant's crime with some means of recouping their personal and financial losses. 26 A.L.R. Fed. 2d 283. Therefore, the intent and

letter of the mandatory restitution statute defeat the Defendant's opposition to the Proposed Restitution Order based on the economic circumstances of the Defendant.

For the foregoing reasons, the Government's Proposed Restitution Order shall be ENTERED.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: _June 21, 2013_